UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTINEZ ORNELAS,<br><br>                              Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>                             Respondent. | Case No.: 18-CV-1666-GPC-WVG<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** |

## I. <u>INTRODUCTION</u>

Petitioner David Martinez Ornelas, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary proceeding that resulted in a finding of guilt for battery on an inmate with a weapon arising from a fight that occurred on August 11, 2015. Upon careful consideration of the record and the applicable law, the Court **RECOMMENDS** the Petition be **DENIED**.

## II. <u>BACKGROUND</u>

### A. Relevant Factual Background

Since 2005, petitioner has been serving a thirty-five-year sentence for four counts of second-degree robbery, plus enhancements, at the Centinela State Prison in California. (Answ., ECF No. 11 at 1.) On August 11, 2015, petitioner and another inmate assaulted a third inmate in the recreation yard. (Pet., ECF No. 1 at 1).) "Inmates ignored the audible

1

yard alarm and staff's orders to stop and get down. One Exact impact round out of the 40 mm launcher was required to quell the incident." (*Id*. at 35.)

According to the Rules Violation Report ("RVR") prepared by Officer Tejeda, two inmates, one of which was Petitioner, were battering a third inmate by striking him with their fists on the head and upper torso area next to a fence. (*Id*. at 27.) According to another RVR prepared by Sergeant Lam, after the three were handcuffed, Lam instructed the area be isolated and contained. (*Id*. at 29.) He also noted the victim had numerous visible injuries including a puncture wound and a cut on his back consistent with the use of a weapon. (*Id*.)

According to the "Crime/Incident Report" prepared by Lieutenant Vega, the victim was medically evaluated, and the medical report noted reddened and swollen area to the forehead, right and left eye, top of the head, back of the neck, and back. (*Id*. at 37.) The medical report also noted "one slash type wound to the upper back, one puncture type wound to the middle of the back, one abrasion to the back, inner left thigh, and one scratch to the right knee." (*Id*.) There were seven staff witnesses and, although the area and inmates were searched, no evidence was collected. (*Id*. at 36.)

On September 8, 2015, Officer Wiewel was assigned to investigate the matter. (*Id*. at 54.) Petitioner admitted to Wiewel that there was a two-on-one fight but denied there was a weapon involved. Wiewel submitted his investigative report to the Senior Hearing Officer ("SHO") before the disciplinary hearing.

On September 24, 2015, the disciplinary hearing was held before Correctional Lieutenant and SHO McWilliams. (*Id*. at 30.) Petitioner pleaded not guilty to the charge, declined to make a statement, and did not request any witnesses. (*Id*.) The SHO found petitioner guilty of battery on an inmate with a weapon. In support of the guilty finding, the SHO listed the RVR by Officer Tejeda, and the victim's medical evaluation which showed that "medical personal determined that [the victim] had one puncture would and slash wound, consistent with the use of a deadly weapon" as evidence (*Id*. at 31.) In addition, the SHO listed the Supplemental Report written by Sergeant Lam stating that the victim "had numerous visible injuries including a puncture wound and a cut on his back

consistent with the use of a weapon." (*Id.*) Under a preponderance of the evidence standard, the SHO found the injuries listed on the medical report consistent with battery on an inmate with the use of a weapon. (*Id.*) Petitioner was found guilty and assessed a 360-day loss of behavioral credits. (*Id.*)

**B. Procedural Background**

On October 25, 2015, petitioner bypassed the first level of review and appealed the guilty finding to the second level of review. Petitioner argued the supervising officer failed to call the investigative unit to take photos and that "any time a person is being charged with something like this, photos become part of the evidence for a fair out come." (*Id.* at 58.) The reviewer denied the appeal concluding that the evidence supported the guilty finding and that Petitioner was afforded all procedural due process. (*Id.* at 60.)

Petitioner appealed to the third level of review. The reviewer denied the appeal finding the determination of guilt was supported by a preponderance of evidence. (*Id.*) Moreover, the reviewer noted there was no new evidence or information presented by the petitioner to warrant a modification of the second level review. (*Id.* at 61.)

On December 20, 2016, petitioner filed a writ of mandate with the Imperial County Superior Court. (*Id.* at 64.) The court converted his petition to a petition for writ of habeas corpus. The court denied the petition on its merits finding the "some evidence standard" was met. (*Id.* at 67.)

Next, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, alleging his due process rights were violated. On November 23, 2017, the California Court of Appeal found the "some evidence" standard was met, explaining that "the narrow role assigned to the reviewing court is solely to determine whether there is *any evidence* in the record that *could support* the conclusion reach by the disciplinary board.'" (*Id.* (emphasis in original).)

Petitioner filed a petition for writ of habeas corpus with the Supreme Court of California, which was denied without comment on March 28, 2018. (*Id.* at 72.)

Petitioner then filed the present Petition on July 20, 2018. (*See* Pet.)

# III. LEGAL STANDARD

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002). In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *See Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *See Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id*. Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *See Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned state court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06

(1991).

## IV. DISCUSSION

The single ground for habeas relief presented in the Petition is that Petitioner's due process rights were violated by the SHO's consideration of improper or "false fabricated evidence." (Pet. at 5.) Petitioner asks that the court grant relief by reducing the "A1" offense to a "D" offense "on the grounds that the Correctional Officers fabricated the evidence to increase the RVR to 'A1.'" (*Id.* at 15.)

Petitioner urges the court to review the reliability of the evidence supporting the SHO's guilty finding because the evidence must bear "some indicia of reliability." (Pet. at 18 (quoting *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994)). Petitioner contends that "the evidence on the record shows that the correctional officers fabricated the evidence that [the victim] had a puncture and two slashes on his back." (*Id.*) Petitioner argues the medical report that noted puncture and slash wounds on the victim is fabricated evidence. (*Id.* at 15.) Moreover, Petitioner argues the evidence is insufficient because (1) there were no weapons found; (2) all officers reported seeing Petitioner fight with fists; (3) the victim said no weapon was used; and (4) a fence cause the victim's injuries. (*See id.* at 18-24.)

The Court will look through the silent denial by the state supreme court to the last reasoned state court decision to address Petitioner's claim, the state appellate court order denying habeas relief:

> [Petitioner] is not entitled to habeas corpus relief for violation of his due process rights. "[D]ue process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." (*Superintendent v. Hill* (1985) 472 U.S. 445, 457; accord, *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) The report of the correctional officer that he saw [Petitioner] and another inmate beating a third inmate and the medical report documenting the victim's puncture and slash wounds supports a reasonable inference [Petitioner] committed a batter on a fellow inmate with a weapon, in violation of prison regulations. (See Cal. Cod Regs., tit. 15 § 3005, subd. (d)(1) ["Inmates shall not willfully commit or assist another person in the commission of an assault or batter to any person or

> persons"].) [Petitioner's] assertions he is innocent and no weapon was ever found do "not change the analysis under *Hill*. *Hill* emphasizes that the reviewing court is not to engage in an 'examination of the entire record' or 'weighing of the [conflicting] evidence.' [Citation.] Rather the narrow role assigned to the reviewing court is solely to determine whether there is '*any evidence* in the record that *could support* the conclusion reached by the disciplinary board.' [Citation.] Here, there is such evidence, even if, as [Petitioner] contends, there is other evidence that supports his assertion of innocence." (*In re Zepeda*, *supra*, at p. 1500.) Finally, the battery of which [Petitioner] was found guilty subjected him to a forfeiture of up to 360 days of credits. (Cal. Code Regs., tit. 15, § 3323, subd. (b)(4).) The disciplinary decision therefore fully complied with the requirements of due process.

(Pet. at 70-71.)

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Any finding of guilt must be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is not high; a court need only decide whether there is any evidence at all that could support the prison official's administrative decisions. *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003). In reviewing a decision for "some evidence," courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence; rather, courts only determine whether the prison disciplinary board's decision to revoke good time credits has some evidentiary support. *Hill*, 472 U.S. at 455-56 (1985).

The SHO found Petitioner guilty of Battery on an Inmate with a Weapon, codified in Title 15, Section 3005(d)(1) of the California Code of Regulations. The SHO based the finding of guilt in part on "information contained in the reporting employee's report" and the "injuries to [the victim]" that were "consistent with a stabbing/slashing weapon." (Pet. at 31.)

The only question before this Court is "whether there is any reliable evidence in the record that could support the decision reached." *Santibanez v. Havlin*, 750 F.Supp.2d 1121, 1129 (E.D. Cal. 2010). Here, there is some evidence in the record that Petitioner used a weapon when assaulting another inmate, including official medical records indicating the victim had slashes and puncture wounds. (*See* Pet. at 49.) Moreover, outside of Petitioner's bare assertions that the reports are fabricated, there is nothing to indicate this evidence is in any way unreliable. As such, the state appellate court's decision was neither contrary to clearly established federal law nor an unreasonable determination of the facts. Accordingly, the Court **RECOMMENDS** that Petitioner's first ground for relief be **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the Petition for Writ of Habeas Corpus be **DENIED**. This Court submits this Report and Recommendation to the Honorable Gonzalo P. Curial pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**IT IS ORDERED** that no later than **July 5, 2019** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **July 19, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: June 5, 2019

_____
Hon. William V. Gallo
United States Magistrate Judge