UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MARTINEZ ORNELAS,<br><br>                            Petitioner,<br><br>v.<br><br>M.E. SPEARMAN,<br><br>                            Respondent. | Case No.: 18-CV-1666-GPC-WVG<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 14]** |

Petitioner David Martinez Ornelas ("Petitioner"), a federal inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a determination following a prison disciplinary proceeding finding that Petitioner was guilty of battery on an inmate with a weapon arising from a fight that occurred on August 11, 2015.  ECF No. 1.  Respondents filed an answer on February 19, 2019.  ECF No. 11.  Petitioner filed a traverse on March 21, 2019.  ECF No. 13.  Presently before the Court is a Report and Recommendation ("Report") issued by Magistrate Judge William V. Gallo recommending the Court deny Petitioner's petition.  Doc. No. 14.  Neither party has filed objections to the Magistrate Judge's Report.  After a thorough review of the issues and for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Petitioner's petition.

Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). But "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *Id.* "When no objections are filed, the *de novo* review is waived." *Marshall v. Astrue*, No. 08cv1735-MJL, 2010 WL 841252, at *1 (S.D. Cal. Mar. 10, 2010) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

In this case, neither party has timely filed objections to the Magistrate Judge's Report. Consequently, the Court may adopt the Report on the basis that it is unopposed. *See Reyna-Tapia*, 328 F.3d at 1121. Having reviewed the Report, the Court finds that the Report is thorough, well–reasoned and contains no clear error. In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court considered the deference courts must afford a prison disciplinary board's finding that a prisoner committed an infraction where the punishment was the loss of good time credits. In *Hill*, the Court held that if there is even "some evidence" to support the prison's disciplinary decision, the requirements of due process are satisfied. *Id.* at 455. The *Hill* standard is minimally stringent. The Court stated that "the relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis

added).  Here, petitioner contests the reliability of the evidence, arguing that the medical report that noted puncture and slash wounds on the victim is fabricated evidence.  Pet. at 15, 18.  Moreover, Petitioner argues the evidence is insufficient because (1) there were no weapons found; (2) all officers reported seeing Petitioner fight with fists; (3) the victim said no weapon was used; and (4) a fence caused the victim's injuries.  *See id.* at 18-24.  Construing the Petition liberally, another possible interpretation of Petitioner's claim is that he believes the disciplinary committee improperly based its decision on circumstantial evidence.  *See Lopez v. Uribe*, No. 11cv00216, 2012 WL 2367554, at *6 n.1 (S.D. Cal. Apr. 11, 2012) (noting that a claim that a prison Disciplinary Committee based their decision on "unreliable evidence" would "essentially be duplicative" of a claim that they improperly based their decision on circumstantial evidence).  The *Hill* standard, however, does not require the Disciplinary Committee to base its findings on direct evidence.  *See Hill*, 472 U.S. at 456–57 (upholding a finding that three inmates committed assault even though "no direct evidence identifying any one of the three inmates as the assailant" was presented).  Moreover, this interpretation of *Hill* as finding circumstantial evidence sufficient to meet the "some evidence" standard is supported by Ninth Circuit precedent.  *See Castro v. Terhune*, 712 F.3d 1304, 1315 (9th Cir. 2013) (finding that evidence was circumstantial and "could support competing inferences" did not preclude the "some evidence" [*Hill*] standard from being met); *Lathan v. Marshall*, 977 F.2d 589 at *1 (9th Cir. 1992) (unpublished) ("*Hill* indicates that the requisite quantum of evidence can be circumstantial."); *Embrey v. Menke*, 881 F.2d 1083 at *2 (9th Cir. 1989) (unpublished) (finding that circumstantial evidence linking petitioner to the alleged infraction was sufficient evidence upon which to base the decision of the disciplinary committee).  Accordingly, the Court hereby (1) **ADOPTS** the Magistrate Judge's Report in its entirety, and (2) **DENIES** the Petition.

Moreover, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  Petitioner has not made this showing.  Because reasonable jurists would not find the

Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: July 9, 2020

Hon. Gonzalo P. Curiel
United States District Judge